Jason Adam Jensen, Pro Se
919 North Stone Ave #5305
Tucson, AZ 85705
jasonajensen@gmail.com
402-598-1285



# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA
## TUCSON DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br>Plaintiff,<br>v.<br><br>CITIBANK, N.A.; WEBBANK/OM; USAA FSB; COASTL/PROSP; CAPITAL ONE; TBOM CCI MC; CB INDIGO; CREDITONEBNK; MISSIONLNTAB; WEBBANKAVANT; NAVY FCU; DISCOVER; JONATHAN J. WEED; AMERICAN ARBITRATION ASSOCIATION (AAA); and PAM BONDI,<br>Defendants. | **Case No.:** CV-25-00434-TUC-JGZ<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Jason Adam Jensen, appearing pro se, files this Complaint against Defendants Citibank, N.A.; WebBank/OM; USAA FSB; COASTL/PROSP; CAPITAL ONE; TBOM CCI MC; CB INDIGO; CREDITONEBNK; MISSIONLNTAB; WEBBANKAVANT; NAVY FCU; Discover; Jonathan J. Weed; American Arbitration Association (AAA); and Pam Bondi, and states the following:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331, as this case arises under the Constitution of the United States and federal laws, specifically the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Federal Arbitration Act (FAA), 9 U.S.C. §§ 2, 3, 4.

2. Venue is proper in the District of Arizona, Tucson Division, pursuant to 28 U.S.C. § 1391, as Plaintiff resides in this district and a substantial part of the events giving rise to the claim occurred here.

## II. PARTIES

3. Plaintiff Jason Adam Jensen is an individual proceeding pro se and a resident of Tucson, Arizona.

4. Defendants Citibank, N.A., WebBank/OM; USAA FSB; COASTL/PROSP; Capital One; TBOM CCI MC; CB INDIGO; CreditOneBNK; MISSIONLNTAB; WEBBANKAVANT; Navy FCU, and Discover (collectively "Creditor Defendants") are financial institutions and corporations engaged in the business of consumer credit and contracting with arbitration provisions.

5. Defendant Jonathan J. Weed is the Assistant Vice President of the American Arbitration Association (AAA) and is sued in his personal and official capacity.

6. Defendant American Arbitration Association (AAA) is a corporation that provides arbitration and other dispute resolution services.

7. Defendant Pam Bondi is sued in her capacity as Attorney General and is responsible for the unconstitutional application of the federal trademark system.

## III. FACTUAL ALLEGATIONS

8. Plaintiff engaged in an arbitration with Defendant Citibank, N.A. through the American Arbitration Association (AAA), Case No. 01-23-0004-1060, which lasted for over a year and involved three different arbitrators.

9. Throughout this arbitration, Plaintiff repeatedly and incessantly sought accommodation for his disabilities, including bipolar mood swings and autistic burnout, under the Americans with Disabilities Act (ADA).

10. Plaintiff's efforts were initially directed to the AAA Case Administrator, who, as documented in a report of a preliminary management hearing and a series of emails, failed to provide a clear process or forum for Plaintiff to address his ADA concerns.

11. Plaintiff was forced to take his ADA requests directly to the arbitrator. Plaintiff alleges this was the only recourse available, as the AAA controls all communications with the arbitrator and, for over a year and through three arbitrators, failed to facilitate an interactive dialogue. This led to his requests being subsequently characterized as harassment of the arbitrator.

12. The second arbitrator, Leah Albert, issued an order on March 20, 2024, that, in order to seek a stay for a disability, required a note from a board-certified physician, which Plaintiff argues was an impossible and discriminatory procedural barrier that violated the ADA.

13. Subsequently, the AAA, through Defendant Jonathan J. Weed, terminated the administration of the case, citing Plaintiff's use of "inappropriate language" and repeated contact with the arbitrator. Plaintiff alleges this termination was in

retaliation for his civil rights advocacy and was a direct result of the AAA's failure to provide a functional and ADA-compliant process.

14. Plaintiff's use of language that may have been deemed "inappropriate" was, in fact, a personal trademark, "Give me an ADA Form and I'll shove it up your ass!", which is the sentiment of a case filed in the Western District of Missouri. This was part of a 1000+ page filing of AI conversation and documentation that has now evolved into a functioning AI document system. This phrasing is the result of a larger legal theory that the ADA requires a person to seek accommodations with thousands of forms and opaque processes from each state's political subdivision, and then from each business, hotel, and so on. This process is not designed to work and does not make use of modern technology like Apple AirTags or geotagging, creating an undue burden on persons with disabilities.

15. The Creditor Defendants all use form contracts with arbitration clauses that refer to the AAA for dispute resolution. None of these Defendants have publicly or, to Plaintiff's knowledge, privately amended their contracts to ensure an ADA-compliant and equitable process for persons with disabilities.

16. Defendant Citibank, N.A., and Defendant Citi, in particular, are alleged to have acted willfully in this regard, as they were a party to the arbitration where Plaintiff's ADA claims were a central issue, yet have since failed to amend their contracts to correct this deficiency.

17. Defendant Pam Bondi is sued for the unconstitutional application of a confidential dispute system that has been used to deny Plaintiff access to a fair forum for his

claims. This system, in conjunction with 9 U.S.C. §§ 2-4, has allowed large corporations to establish a "quasi-governmental" system of private, confidential dispute resolution.

18. This system of private arbitration, which disallows court cases, enables Defendants to engage in market manipulation by using paid advertisements as the sole indicator of brand quality, with no legal duty to disclose their failures or shortcomings.

19. The federal trademark system, as administered, violates the limited nature of a trademark, the 10th Amendment by subrogating the states' authority to recognize and regulate marks, and has become a vehicle for large corporations to create a federalized corporate system that subverts consumer protections.

## IV. CAUSES OF ACTION

COUNT I: NEGLIGENCE (AGAINST THE AAA AND ALL CREDITOR DEFENDANTS)

20. Plaintiff incorporates by reference all paragraphs above.

21. The American Arbitration Association (AAA) and the Creditor Defendants owed a duty of care to Plaintiff and all consumers to provide a dispute resolution forum that is fundamentally fair and accessible, and that complies with the ADA.

22. Defendants breached this duty by failing to provide a clear process for disability accommodations, as evidenced by a report on an initial conference transcript and a series of email reports and motions on the matter.

23. As a direct and proximate result of this negligence, Plaintiff has suffered and continues to suffer damages, including emotional distress, financial costs, and denial of his civil rights.

COUNT II: WILLFUL VIOLATIONS OF THE ADA (AGAINST CITI AND CITIBANK, N.A.)

24. Plaintiff incorporates by reference all paragraphs above.

25. Defendants Citi and Citibank, N.A. were put on notice of their failures to provide a fair and accessible dispute resolution forum, as shown in the Amended Demand for Arbitration and the arbitration records.

26. Despite this knowledge, Defendants have willfully and intentionally failed to amend their contracts to provide a functional ADA accommodation process, demonstrating a conscious disregard for Plaintiff's rights under the ADA.

27. As a result of this willful conduct, Plaintiff is entitled to punitive and exemplary damages.

COUNT III: RETALIATION AND OBSTRUCTION OF PROCESS (AGAINST JONATHAN J. WEED)

28. Plaintiff incorporates by reference all paragraphs above.

29. Defendant Jonathan J. Weed, in his capacity as Assistant Vice President of the AAA, retaliated against Plaintiff and obstructed Plaintiff's efforts to get the AAA to comply with the ADA by terminating the case, as evidenced by the email correspondence in the notice of termination.

30. This retaliation and obstruction was a retaliatory act that denied Plaintiff a forum and a process for his claims and was based on a pretextual application of the AAA's standards, in violation of 42 U.S.C. § 12203.

COUNT IV: UNCONSTITUTIONAL APPLICATION OF TRADEMARK AND ARBITRATION LAW (AGAINST PAM BONDI)

31. Plaintiff incorporates by reference all paragraphs above.

32. The statutory and regulatory framework governing trademarks, as applied, creates an unconstitutional limited monopoly that subverts the authority of the states, including the State of Arizona, to recognize and regulate marks.

33. This system, in combination with 9 U.S.C. §§ 2-4, has been turned into a "federalized

corporate system" that, due to its size and scope of influence, has become quasi-governmental.

34. This system, as applied, denies consumers a public forum to define brand reputation through litigation, making consumers subject to a system of arbitration that is not fair or accessible.

35. The lack of a duty to advertise failures, combined with a reliance on paid advertisements as the sole indicator of brand quality, is a deceptive practice that violates the principles of fairness and transparency.

## COUNT V: ANTITRUST AND LANHAM ACT VIOLATIONS (AGAINST ALL CREDITOR DEFENDANTS)

36. Plaintiff incorporates by reference all paragraphs above.

37. The Creditor Defendants' use of confidential arbitration clauses in consumer contracts constitutes a concerted effort to manipulate the market for consumer credit by preventing public court cases that could otherwise define the true quality and reputation of their trademarks.

38. This practice creates an unfair and anticompetitive market where the limited monopoly granted to each trademark holder is used to unduly control the public's perception of their brand, in violation of antitrust laws and the Lanham Act.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendants, granting the following relief:

a. A declaratory judgment that the Defendants have engaged in willful negligence and discriminatory practices.

b. A declaratory judgment that the application of the AAA's arbitration process and the federal trademark system, as described herein, is unconstitutional.

c. A permanent injunction requiring all Defendant creditors to amend their contracts to include a fair and accessible process for ADA accommodations.

d. Compensatory damages for all financial losses, including fees and expenses incurred in the arbitration process, and for all emotional and psychological distress.

e. Punitive and exemplary damages against Defendant Citibank, N.A. for willful violations of the ADA.

f. Punitive damages against Defendant Jonathan J. Weed for his retaliatory and obstructive conduct.

g. Such other and further relief as the Court deems just and proper.

## VI. SIGNATURE BLOCK

Respectfully submitted,

Dated: 8/4/2025

/s/ Jason Adam Jensen
Jason Adam Jensen, Pro Se
919 North Stone Ave #5305
Tucson, AZ 85705
jasonajensen@gmail.com
402-598-1285

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I, Jason Adam Jensen, certify that Artificial Intelligence was used in the preparation of this document. I have reviewed and verified the accuracy and appropriateness of the AI-generated content and take full responsibility for it as if it were my own work.