KM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Adam Jensen, | No.    CV-25-00434-TUC-JGZ |
| Plaintiff, | |
| v. | **ORDER** |
| Citibank NA, et al., | |
| Defendants. | |

On August 5, 2025, pro se Plaintiff Jason Adam Jensen, filed a Complaint, an Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2), and a Motion to Allow Electronic Filing (Doc. 3). The Court will grant the Motion to Allow Electronic Filing, deny the Application to Proceed and will give Plaintiff 30 days to pay the filing and administrative fees.

**I.     Application to Proceed In District Court Without Prepaying Fees or Costs**

Whether to grant or deny an in forma pauperis application is within the Court's discretion, *see O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990), and in forma pauperis status is "a matter of privilege and not right," *Franklin v. Murphy*, 745 F.2d 1221 1231 (9th Cir. 1984). To qualify for in forma pauperis status under 28 U.S.C. § 1915(a)(1), Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that states he is unable to pay the required fees. *Id.* An affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de*

**JDDL**

*Numours & Co.*, 335 U.S. 331, 339 (1948).  A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the [in forma pauperis] statute," *id.*, but "[a] showing of something more than mere hardship must be made," *Andres v. Carmona*, No. 119CV00744DADJLTPC, 2019 WL 4920957, at *1 (E.D. Cal. July 11, 2019). "A plaintiff who is not truly indigent may not proceed in forma pauperis simply to avoid all economic costs of commencing legal actions." *Fox v. S.C. Judicial Dep't*, C/A No. 2:16-cv-00209-RMG, 2016 WL 7469805, at *1 (D.S.C. Feb. 12, 2016); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (in enacting the in forma pauperis statute, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal quotations and citation omitted).[1]

It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an application to proceed in forma pauperis if an individual is unable or unwilling to verify his poverty.  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  "The Court is entitled to consider the economic priority Plaintiff placed on the use of his money, received from any source." *Evans v. Sherman*, No. 119CV00760LJOJLTPC, 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995)); *see also Kurz v. Zahn*, No. 1:11-CV-00342-EJL, 2012 WL 4458128, at *2 (D. Idaho Apr. 13, 2012) ("Nor can all the items included on [plaintiff's] list of monthly obligations, even generously construed, be considered as the 'necessaries of life.'").

Based on the income and asset information Plaintiff provided in the Application to Proceed, the Court, in its discretion, concludes he does not qualify for in forma pauperis

---

[1] Indeed, from May through October 2025, Plaintiff filed 16 new lawsuits in this Court. *See* CV-25-03378-PHX-DJH, CV-25-00178-TUC-JEM, CV-25-00238-TUC-JGZ, CV-25-00239-TUC-JGZ, CV-25-00240-TUC-JGZ, CV-25-00241-TUC-JGZ, CV-25-00246-JGZ, CV-25-00423-TUC-JGZ, CV-25-00424-TUC-JGZ, CV-25-00434-TUC-JGZ, CV-25-00435-TUC-JGZ, CV-25-00460-TUC-JGZ, CV-25-00464-TUC-JGZ, CV25-00496-TUC-JGZ, CV25-00526-TUC-JGZ, and CV-25-00600-TUC-JGZ.

JDDL

status.[2] Plaintiff's monthly income is $2,593.  He has no dependents.  In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.  *See*, *e.g.*, *Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).  The 2025 Poverty Guidelines for a household of one is $15,650.[3]  Plaintiff's annual income—$31,116—is more than double the poverty guideline.  It is irrelevant for purposes of in forma pauperis status that the source of his income is disability payments.

In addition, Plaintiff lists no debts.  His stated monthly food expenses are $950, while his rent/mortgage payment and utilities combined equal $954.  Plaintiff also lists $100 monthly for clothing; $45 monthly for laundry and dry cleaning; and $50 monthly for recreation, entertainment, newspapers, magazines, etc.  A court may deny an in forma pauperis application where a plaintiff's expenses demonstrate "discretionary spending beyond strict necessity."  *Strojnik v. Panera Bread Co.*, No. 1:22-cv-00682-JLT-BAK (SAB),  2022 WL 2287274, at *6 (E.D. Cal. June 24, 2022); *see*, *e.g.*, *Badillo v. Comm'r of Soc. Sec.*, No. 1:20-cv-00393-SAB, 2020 WL 2494575, at *2 (E.D. Cal. May 14, 2020) (recommending denial of application where reported income and expenses — including $1,500 per month for two cars and $1,000 per month for food in household of two — did not suggest plaintiff was living in poverty).  The Court finds it implausible that Plaintiff *must* spend as much on food *every* month as he does on his housing and utilities, and that he *must* spend nearly $200 per month on clothing, laundry, and entertainment, such that he cannot temporarily reduce his expenses to pay the filing and administrative fees for this

---

[2] Although this Court previously granted Plaintiff in forma pauperis status in several of his cases based on the same income and expense information, in forma pauperis status does not transfer between cases.  In addition, under 28 U.S.C. 1915(e)(2)(B), "Notwithstanding any filing fee," the Court must "dismiss the case at any time if the court determines that ... the allegation of poverty is untrue."  Thus, the Court has a continuing obligation to ensure that a plaintiff who has been granted in forma pauperis status is truly indigent and may revoke in forma pauperis status if it determines a plaintiff is not indigent.

[3] *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Jan. 7, 2026).

case. The Court will therefore deny the Application to Proceed and give Plaintiff 30 days to pay the filing and administrative fees.

## II.   Warnings

### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Motion to Allow Electronic Filing (Doc. 3) is **granted**.

(2)   Plaintiff's Application to Proceed In Forma District Court Without Prepaying Fees or Costs (Doc. 2) is **denied**.

(3)   Within **30 days** of the date this Order is filed, Plaintiff must pay the $350.00 filing fee and $55.00 administrative fee.

(4)   If Plaintiff fails to either pay the $350.00 filing fee and $55.00 administrative fee within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

Dated this 13th day of January, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge

JDDL

- 4 -