**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Jason Adam Jensen,

               Plaintiff,

v.

CitiBank, et al.,

               Defendants.

No.    CV-25-00434-TUC-JGZ

**ORDER**

Pending before the Court is pro se Plaintiff Jason Adam Jensen's Motion for Reconsideration (Doc. 9) of the Court's denial of his Application to Proceed in District Court Without Prepaying Fees or Costs.

On August 5, 2025, Plaintiff filed a Complaint and an Application to Proceed. In a January 14, 2026 Order, the Court denied the Application to Proceed, concluding that, based on the income and asset information Plaintiff provided in the Application to Proceed, he did not qualify for in forma pauperis status. (Doc. 8.)

In his Motion, Plaintiff argues reconsideration is warranted because there are "new facts regarding [his] immediate financial liabilities—specifically significant medical/dental debts incurred just prior to the Order," and the Court committed "manifest error" in its factual determination that Plaintiff's food expenses are discretionary and that he has no other debts. (*Id.* at 1.) Plaintiff contends that "[n]ew evidence demonstrates that the Court's assumption regarding the cost of basic nutrition is mathematically impossible in the current economic market, and the Court's own records contradict its finding on Plaintiff's debt load." (*Id.*)

JDDL

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

Plaintiff has not shown the Court erred in denying his Application to Proceed. The in forma pauperis statute, 28 U.S.C. § 1915(a)(1), allows a district court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets the [person] possesses that the person is unable to pay such fees or give security therefor." Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

   (i) is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Thus, the Court may deny an Application to Proceed if it determines a plaintiff is not indigent, or if a complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant.

"District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses." *King v. Dudek*, No.: 25CV1148-BLM, 2025 WL 1594462, at *1 (S.D. Cal. May 7, 2025) (citing *Allen v. Kelley*, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $120 filing fee out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $450 and that

JDDL

was more than sufficient to pay the $60 filing fee)).  Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has not shown the Court erred in denying his Application to Proceed.  With respect to Plaintiff's allegation of new facts—medical and dental expenses that did not exist when he filed his Application to Proceed—the Court did not err in failing to consider expenses that did not exist at the time Plaintiff filed his Application.  And, for the reasons explained below, even if the Court considers the new expenses, such reconsideration does not support a different result; Plaintiff fails to demonstrate eligibility to proceed in forma pauperis.

Plaintiff argues at length that the Court underestimated the monthly cost of food, that his "dietary choices and reliance on specific food sources are not mere preferences but are inextricably linked to his disabilities and the continuation of a diet required for his health and stability," and that the Court's "implicit suggestion that Plaintiff eliminate 'eating out' fails to account for the impact of social isolation on mental health disabilities." Plaintiff's assertions are overstated and unsupported. But, even assuming that Plaintiff's monthly food expenses are necessary and accurate, the Court also noted that Plaintiff indicated in his Application to Proceed that he has no dependents, no motor vehicle, and no debts.  The Court further noted that Plaintiff indicated that he spends $100 monthly for clothing; $45 monthly for laundry and dry cleaning; and $50 monthly for recreation, entertainment, newspapers, magazines, etc.  Plaintiff does not address those expenses or explain why they should be considered the "necessities of life."  Thus, Plaintiff has failed to state the facts as to his poverty with "particularity, definiteness, and certainty." *McQuade*, 647 F.2d at 940.  Furthermore, the Court is entitled to consider the economic priority Plaintiff placed on the use of his money, received from any source." *Evans v. Sherman*, No. 119CV00760LJOJLTPC, 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995)); *see also Taylor v. Kijakazi*, No.: 23CV1040-BLM, 2023 WL 4038655, at *2 (S.D. Cal. June 15, 2023)

JDDL

(denying IFP Application where plaintiff's monthly income exceeded her expenses by $100 and some of her listed expenses—including $50 per month on clothing, $200 per month on transportation, and $50 per month on entertainment—were "not 'necessities of life' in the amount listed so Plaintiff can minimize or eliminate them for a month or two to pay the filing fee"); *cf. Jenks v. Saul*, No.: 20CV1432-BLM, 2020 WL 4464447, at *1 (S.D. Cal. Aug. 4, 2020) (granting IFP Application where plaintiff was unemployed, had no income, received $194 per month in food stamps, and spent approximately $194 per month on food, $20 per month on laundry and/or dry cleaning, and $15 per month on transportation).

Plaintiff mistakenly contends the Court must take judicial notice of facts "within its own docket that explain why [his] food costs may exceed a hypothetical 'home-cooked budget.'" It is not the Court's responsibility to search through documents Plaintiff has filed in other cases to determine whether the Application to Proceed that he signed under penalty of perjury in this case accurately represents his expenses. Likewise, the Court rejects Plaintiff's assertion that documents filed in another case demonstrate that he has debts; it is not the Court's responsibility to ascertain whether Plaintiff does or does not have any debts. Plaintiff did not list any debts on his Application to Proceed. The Court is entitled to take Plaintiff at his word.

Plaintiff further asserts that the Court "relied on the 'expenses' section" of the Application to Proceed, "which reflected a period of instability and homelessness (hotel living) resulting from [an] unlawful eviction." Plaintiff contends that the form "is structurally deficient in capturing the projected necessity of re-establishing stable housing." Plaintiff claims his "actual" costs paid during the relevant period did not cover the full cost of a standard lease, and to secure housing, Plaintiff "requires approximately $1,100.00 for a security deposit and $1,100.00 for first month's rent." Plaintiff argues that by "looking only at the 'snapshot' of expenses paid during a crisis, the Court failed to account for these necessary future liabilities," and denying him in forma pauperis status "strips Plaintiff of the ability to save the $2,200.00 required to cure his homelessness." In

JDDL

the same vein, Plaintiff asserts that the Court should consider that Plaintiff was denied in forma pauperis status in four cases in January, for a total of $1620.00 in filing fees due within 30 days. He asserts this is approximately 60% of his monthly SSDI income and "creates an insurmountable barrier to the judicial system."

The Court has granted leave to proceed in forma pauperis in five of Plaintiff's pending cases and denied leave to proceed in forma pauperis in six cases.[1] The Court does not consider whether a plaintiff seeking leave to proceed in forma pauperis has other pending cases when determining if he is indigent within the meaning of the statute. Plaintiff became responsible for paying the filing fees for *each* case when he filed it. It is only if he is granted the *privilege* of proceeding in forma pauperis that he will be excused from paying the fees. *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (in forma pauperis status is "a matter of privilege and not right").[2]

In short, Plaintiff has not shown the Court erred in denying his Application to Proceed. The Court will therefore deny Plaintiff's Motion for Reconsideration. Plaintiff must pay the filing and administrative fees for this case within 30 days of the filing date of this Order.

//
//
//
//
//
//
//
//
//

---

[1] Plaintiff has moved for reconsideration of the denial of his Applications to Proceed in three cases.

[2] Plaintiff's arguments regarding crowdfunding and the unavailability of punitive damages are wholly meritless, and the Court will not address them.

JDDL

**IT IS ORDERED:**

(1)    Plaintiff's Motion for Reconsideration (Doc. 9) is **denied**.

(2)    Within **30 days** of the filing date of this Order, Plaintiff must pay the filing and administrative fees for this case.

(3)    If Plaintiff fails to pay the $350.00 filing fee and $55.00 administrative fee within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice.

Dated this 11th day of February, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge